UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-MC-62539-SINGHAL/VALLE

MATTHEW ORSO, as successor trustee to
Kenneth D. Bell as court-ordered receiver
for Rex Venture Group, LLC,
d/b/a ZeekRewards.com,

    Plaintiff,

v.

DETLEF TSCHAMPKE,

    Defendant/Judgment Debtor,

v.

JP MORGAN CHASE BANK, N.A.,

    Garnishee,

v.

PNC BANK, N.A.,

    Garnishee.
_____

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS MATTER is before the Court upon Defendant/Judgment Debtor's Claims of Exemption and Requests for a Hearing (ECF Nos. 9, 10) (the "Motions"). United States District Judge Raag Singhal has referred the Motions to the undersigned for appropriate disposition. (ECF No. 11). Having reviewed the Motions, and being otherwise duly advised in the matter, the undersigned recommends that the Motions be **DENIED AS MOOT** for the reasons discussed below.

## I. BACKGROUND

On August 14, 2017, the United States District Court for the Western District of North Carolina entered judgment against certain "Net Winner Class Members." *See generally* (ECF No. 1). Relevant to the instant Motions, Final Judgment against Defendant Detlef Tschampke ("Defendant/Judgment Debtor") was entered in the amount of $62,500.42 ($46,539.62 in "net winnings" from the ZeekRewards scheme and $15,960.80 in prejudgment interest). *Id*. at 5. On December 9, 2020, Plaintiff Nationwide Judgment Recovery Inc. (as assignee of Plaintiff Matthew Orso) registered the foreign judgment with this Court. (ECF No. 1). Post-judgment interest continues to accrue on the final judgment at the rate specified in 28 U.S.C. § 1961. *Id.*

On May 26, 2021, the Court issued writs of garnishment on JP Morgan Chase Bank ("JP Morgan") and PNC Bank for certain monies or property belonging to the Defendant/Judgment Debtor in the banks' possession or control. *See* (ECF Nos. 5, 6). Thereafter, JP Morgan and PNC filed their Answers to the writs. *See* (ECF Nos. 7, 8). In its Answer, JP Morgan indicated that: (i) Defendant/Judgment Debtor had one checking account at the bank, which contained $1,851.87; (ii) it did not know of any other person indebted to Defendant/Judgment Debtor or any other person who may have property of the Defendant/Judgment Debtor; and (iii) it was not in possession of any other tangible or intangible property belonging to Defendant/Judgment Debtor. *See* (ECF No. 7 at 1-2). PNC Bank, in turn, indicated that it: (i) was not indebted to Defendant/Judgment Debtor; (ii) did not know of any other person indebted to Defendant/Judgment Debtor or any other person who may have property of the Defendant/Judgment Debtor; and (iii) was not in possession of any tangible or intangible property belonging to Defendant/Judgment Debtor. *See* (ECF No. 8 at 1). Thereafter, Defendant/Judgment Debtor filed the instant Motions, to which Plaintiff has not responded. (ECF Nos. 9, 10).

## II.     LEGAL STANDARD

Collection of money judgments in federal court is governed by state law. *See* Fed. R. Civ. P. 69(1)(1). In Florida, the relevant standard for claiming an exemption as to the collection of money judgments is set forth in Fla. Stat § 77.041(3), which provides:

> Upon the filing by a defendant of a sworn claim of exemption and request for hearing, a hearing will be held as soon as practicable to determine the validity of the claimed exemptions. If the plaintiff or plaintiff's attorney does not file a sworn written statement that answers the defendant's claim of exemption within . . . 14 business days if the claim and requests were served by mail, no hearing is required and *the clerk must automatically dissolve the writ* and notify the parties of the dissolution by mail.

Fla. Stat. § 77.041(3). "Florida law requires garnishment statutes . . . to be strictly construed." *Allen v. Robert F. DeLuca, M.D., P.A.*, 18-CV-81265, 2020 WL 1832323, at *2 (S.D. Fla. Mar. 25, 2020), *report and recommendation adopted*, 18-CV-81265, 2020 WL 1828510 (S.D. Fla. Apr. 13, 2020) (citation omitted).

Thus, if a plaintiff or plaintiff's attorney does not file a sworn written statement that answers the Defendant/Judgment Debtor's claim of exemption, the Clerk must automatically dissolve the writ and notify the parties of the dissolution by mail. *See Allen*, 2020 WL 1832323, at *2.

## III.    ANALYSIS

Here, Defendant/Judgment Debtor's Motions were timely filed on June 21, 2021, and comply with the requirements of Fla. Stat. § 77.041. Specifically, the Motions: (i) use the form provided in the statute; (ii) are notarized; (iii) were timely filed within 20 days after the Defendant/Judgment Debtor received notice of the Writs; and (iv) were served to Plaintiff via CM/ECF (which is akin to service by mail). *See* Fla. Stat. §77.041(1); *see also Suretec Ins. Co., Pl., v. Nat'l Concrete Structures, Inc., et. al.*, No. 12-CV-60051, 2014 WL 12469952, at *2 (S.D. Fla. July 10, 2014) (noting that CM/ECF service is equivalent to service by U.S. mail). Pursuant

to Fla. Stat. § 77.041(3), Plaintiff or Plaintiff's attorney had 14 days to object to the Motions, but no objections have been filed to date. Thus, Plaintiff failed to comply with §77.041(3) and the Clerk of Court "must automatically dissolve the writ[s] and notify the parties of the dissolution by mail." Fla. Stat. § 77.041(3); *Holloway v. City of Orlando*, No. 15-CV-129-ORL-40GJK, 2017 WL 4773356, at *1-2 (M.D. Fla. Oct. 4, 2017).

## IV.  RECOMMENDATION

Accordingly, the undersigned **RECOMMENDS** that the District Judge enter an Order directing the Clerk of Court to dissolve the Writs of Garnishment (ECF Nos. 5, 6) on JP Morgan and PNC Bank and that Defendant/Judgment Debtor's Motions be **DENIED AS MOOT** in light of the dissolution.

Within **seven (7) days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2021); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 11th day of July, 2022.

_____
ALICIA O. VALLE
UNITED STAGES MAGISTRATE JUDGE

cc: U.S. District Judge Raag Singhal
     All Counsel of Record